# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  August 25, 2020

\* \* \* \* \* \* \* \* \* \* \* \* \*   \*

| | |
|---|---|
| JAMES BLUTE,             \* <br>       \* <br>     Petitioner,      \* <br>     \* <br> v.      \* <br>     \* <br> SECRETARY OF HEALTH     \* <br> AND HUMAN SERVICES,     \* <br>      \* <br>     Respondent.      \* | UNPUBLISHED <br><br> No. 17-1381V <br> Special Master Gowen <br><br> Attorneys' Fees and Costs |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

Isaiah R. Kalinowski, Maglio Christopher and Toale, PA, Washington, DC, for Petitioner.
Debra A. Filteau Begley, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 16, 2020, James Blute ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 53). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and awards a total of **$35,875.17**.

### I.      Procedural History

On September 29, 2017, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered a shoulder injury related to vaccine administration as a result of receiving an influenza vaccine on October 16, 2015. Petition at 1 (ECF No. 1). On February 11, Petitioner filed a stipulation of dismissal, and on February 12, 2020, I

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

issued my order concluding proceedings pursuant to Vaccine Rule 21(a). (ECF No. 51).

On April 16, 2020, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for her attorney, Mr. Isaiah Kalinowski, in the total amount of $35,875.17, representing $34,799.30 in attorneys' fees and $1,075.87 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants he has not personally incurred any costs in pursuit of his claim. *Id.* Respondent reacted to the fees motion on April 29, 2020, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 54). Petitioner filed a reply on April 30, 2020, reiterating his belief that the requested attorneys' fees and costs are reasonable.

The matter is now ripe for adjudication.

II.    **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, although the petitioner was eventually dismissed, the undersigned finds that the claim was filed in good faith and maintained reasonable basis until dismissal. Respondent also has not challenged the good faith or reasonable basis of the claim. Accordingly, a final award of reasonable attorneys' fees and costs is proper.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.    **Attorneys' Fees**

Petitioner requests the following rates for the work of his counsel: for Mr. Isaiah Kalinowski, $358.00 per hour for work performed in 2017, $368.00 per hour for work performed in 2018, $383.00 per hour for work performed in 2019, and $405.00 per hour for work performed in 2020; for Mr. Altom Maglio, $362.00 per hour for work performed in 2017 and $381.00 per hour for work performed in 2018; and for Ms. Anne Toale, $378.00 per hour for work performed in 2017 and $402.00 per hour for work performed in 2018. Fees App. Ex. 1 at 23. These rates are consistent with what counsel has previously been awarded, and I find them to be reasonable for the work done in this case as well. *See, e.g., Brock v. Sec'y of Health & Human Servs.*, No. 18-399V, 2020 WL 1815766 (Fed. Cl. Spec. Mstr. Mar. 10, 2020).

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final

attorneys' fees of **$34,799.30**.

### b.  Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $1,075.87. This amount is comprised of acquiring medical records, costs associated with traveling to meet with Petitioner, postage, and the Court's filing fee. Petitioner has provided adequate supporting documentation for all the costs, and they appear to be reasonable upon review. Accordingly, Petitioner is awarded the full amount of attorneys' costs sought.

### III.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $34,799.30 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$34,799.30** |
| | |
| Attorneys' Costs Requested | $1,075.87 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$1,075.87** |
| | |
| **Total Attorneys' Fees and Costs** | **$35,875.17** |

**Accordingly, I award a lump sum in the amount of $35,875.17, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and his attorney, Mr. Isaiah Kalinowski.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master